UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BILLIE RAY ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:08-cv-232-RLY-WTL |
| ) | |
| THOMAS HANLON, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Billie Ray Adams ("Adams") for a writ of habeas corpus.

Having considered the pleadings and the expanded record, and being duly advised, the court concludes for the reasons explained in this Entry that Adams' petition for a writ of habeas corpus must be denied and the action dismissed without prejudice.

**I.**

On September 16, 1972, Adams was convicted of two counts of first-degree murder and was sentenced to life imprisonment. *Adams v. State,* 314 N.E.2d 53 (Ind. 1974). Since his conviction, Adams repeatedly has been denied parole.

Adams now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His contention is that the Indiana Parole Board erred in denying him parole and has thereby re-sentenced him to life without possibility of parole, deprived him of due process, denied him equal protection of the laws, and enforced a statute that violated the *ex post facto* clause.  His custodian opposes issuance of the writ Adams seeks and the record has been appropriately expanded. Adams has replied to the respondent's return to order to show cause.

## II.

### A.

The respondent argues that Adams' recent civil rights action brought pursuant to 42 U.S.C. § 1983, Billie R. Adams v. Christopher E. Meloy, No. 1:06-cv-1499-SEB-JMS (S.D.Ind. September 18, 2007), can be given preclusive effect in this case. However, "[a]ll the authorities agree that res judicata does not apply to applications for habeas corpus." *Darr v. Burford,* 339 U.S. 200, 214-15 (1950). The respondent's argument on this point, therefore, is **rejected.**

### B.

The respondent presents a further argument, however, which fares better.

[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."). It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971)(citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra,* at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004).

The respondent argues that Adams has not presented his habeas claims to the Indiana state courts and that because he may do so he has not exhausted his available state court remedies. The specific remedy the respondent contends is available to Adams is an action in the vein of *Huggins v. Indiana Parole Board,* 605 N.E.2d 229 (Ind.Ct.App. 1992)–in which he could argue to a state court that he had met all criteria to be released to parole and was, therefore, entitled to his release to parole.


Indeed, or in addition, a convicted defendant may bring an action for post-conviction in the trial court if he asserts that he/she has been improperly denied parole or that his/her parole has been improperly revoked. *Pierce v. Martin,* 882 N.E.2d 734 (Ind.Ct.App. 2008); *Ind. Post-Conviction Rule* 1(a)(5).

Adams has returned to the Indiana state courts following his direct appeal relative to his sentence. He did so through a motion to correct an erroneous sentence, which the trial court denied. The denial of that motion was affirmed on appeal in *Adams v. State,* 860 N.E.2d 927 (Ind.Ct.App. 2007)(Table). It is true that many of the arguments in the present habeas action were presented in the motion to correct an erroneous sentence or the appeal relating to that motion, but those arguments were unavailing to Adams because they were outside the scope of the remedy afforded through such a motion under Indiana law. *Id.* at *1 ("Adams appears to argue that by denying him parole, the parole board has effectively turned his sentence of life imprisonment into a sentence of life without parole or a death sentence under the 1977 amendments to the sentencing statutes. . . . Nevertheless, because Adams's motion requires consideration of proceedings after trial, his claims may not be presented by way of a motion to correct erroneous sentence."). The motion to correct an erroneous sentence was therefore not the proper form of action (under Indiana law) to present the claims which are presented in the habeas action.

Adams does not duck the exhaustion requirement, but contends that he has met that requirement in two ways–first, through the filing of his motion to correct an erroneous sentence, though this is obviously not the case; and second, through the absence of an available procedure under Indiana law whereby he could present the claims in the habeas petition, though the respondent argues and the court agrees that such a procedure is available to him.

### III.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Adams to present his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be without prejudice.

**IT IS SO ORDERED.**

Date: April 29, 2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana